IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING MOTION FOR** |
| | ) | **RECONSIDERATION OF DETENTION** |
| | ) | |
| vs. | ) | |
| | ) | |
| McKenzie Craig Forsberg, | ) | Case Nos.  1:24-cr-007 |
| | ) | |
| Defendant. | ) | |

Defendant is charged in an Indictment with two offenses: (1) attempted coercion and enticement of a minor in violation of 18 U.S.C. § 2422(b); and (2) commission of a felony offense involving a minor by an individual required to register as a sex offender in violation of 18 U.S.C. §2260A. (Doc. No. 2).  On January 18, 2024, Defendant made his initial appearance. (Doc. No. 7). On motion by the United States, the court ordered him detained pending a detention hearing on January 23, 2024. (Doc. No. 13).

Following a detention hearing on January 23, 2024, the undersigned ordered Defendant detained pending trial, opining:

> The court finds that Defendant has not presented sufficient evidence to rebut the presumption of detention. Even if Defendant could rebut the presumption, it would remain a factor for the court to consider and the court would then turn its attention to the 18 U.S.C. § 3142(g) factors. The court finds that these factors militate against Defendant's release. The court takes note of Defendant's substantial criminal history and history of noncompliance with court-ordered conditions.  The court further notes that there is presently no alternative to detention that has the security, supervision, and structure that Defendant requires given his history. Defendant is therefore ordered detained. Defendant's name shall be placed on the waiting list for a residential reentry placement.

(Doc. No. 20).  Defendant is currently in Marshals Service custody at the Mercer County Detention

Center in Stanton, North Dakota.

On March 26, 2024, Defendant filed a Motion for Reconsideration of Order of Detention. (Doc. No. 26).   He requests to be released so that he can travel to and participate in inpatient treatment at the Ocean View Psychiatric Hospital ("Ocean View"), a short-term, voluntary psychiatric hospital located in Long Beach, California, that focuses on medication stabilization.  He proposes to travel from the Mercer County Detention Center to Bismarck with his mother, then to Anaheim, California, by bus, and finally to Ocean View in Long Beach with his fiancé.

On March 29, 2024, the United States filed a response in opposition to Defendant's motion. (Doc. No. 27).   It takes issue with Defendant's proposed travel plans, asserting that, if Defendant were to be released for what would be a three-day bus trip from Bismarck to Anaheim, it would be extremely difficult if not impossible to monitor him to ensure his compliance with the statutorily-mandated "Adam Walsh" conditions. It further asserts that Ocean View is not an appropriate facility for Defendant as his stay at Ocean View would only be temporary and he would be required to transfer to an accepting facility once he is stabilized.

A detention hearing may be reopened "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2).

The availability of a placement for Defendant at Ocean View is new information that arguably rebuts the presumption of detention.  Although rebutted, the presumption remains a factor that the court can consider.  Having considered this factor along with the factors set forth in 18 U.S.C. § 3242(g), the court finds that the temporary release of  Defendant to a facility separated

from this district by a three-day bus drive will not assure Defendant's future appearance for proceedings in ths district or adequately ensure the safety of other persons and the community given his history. As the court noted at the detention hearing, Defendant has an extensive criminal history that includes a history of noncompliance with court orders. The court shares the United States' concerns regarding the Pretrial Services Office's ability to supervise Defendant while he travels solo for three days across the country. The court also shares the United States' concerns about Ocean View, the level of structure and stability it can provide Defendant given that it is a short-term and voluntary facility, and where Defendant would go after it discharges him.

Accordingly, the court **DENIES** Defendant's motion (Doc. No. 26).

**IT IS SO ORDERED.**

Dated this 1st day of April, 2024.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court