IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| McKenzie Craig Forsberg, | ) | Case No. 1:24-cr-007 |
| | ) | |
| Defendant. | ) | |

Defendant has executed a plea agreement and on July 25, 2024, entered a guilty plea to offense charged in Count One of his Indictment: attempted coercion and enticement of a minor in violation of 18 U.S.C. § 2422(b). (Doc. Nos. 39 and 44). His sentencing hearing is scheduled for November 6, 2024. (Doc. No. 43).

On August 27, 2024, Defendant filed a Motion for Reconsideration of Order of Detention. (Doc. No. 46). The court previously ordered Defendant detained, finding that he had not presented sufficient evidence to rebut the presumption of detention and that the 18 U.S.C. § 3142(g) factors otherwise weighed heavily in favor of detention. (Doc. No. 20). Defendant asks the court to reconsider its order and release him to the third-party custody of his mother on October 9, 2024, so that he can pay his respects to a brother who passed away while he has been in custody, seek outpatient counseling while awaiting sentencing, and otherwise get his affairs in order.

On September 5, 2024, the United States filed a response in opposition to Defendant's motion. (Doc. No. 48). It asserts that the continued detention of Defendant through sentencing is mandate by statute. See 18 U.S.C. §§ 3143(a)(2)(A) and 3156(a)(4)(C). It further asserts that Defendant's release plan is similar to one previously rejected by the court, that Defendant's

extensive criminal history and history of noncompliance with court orders continues to weight in favor of detention, and that residence Defendant proposes to reside lacks security, supervision, and structure.

Defendant had entered a guilty plea to a crime of violence.  See United States v. Little, 485 F.3d 1210, 1211 (8th Cir. 2007) (recognizing coercion and enticement of a minor is a crime ov violence); see also United States v. Zupnik, No. CR. 16-50110-JLV, 2019 WL 2422605, at *1 (D.S.D. June 10, 2019) ("Attempted enticement of a minor using the internet under 18 U.S.C. § 2422(b) is a "crime[ ] of violence within the meaning of ... 18 U.S.C. § 3156(a)(4)(C)" and 18 U.S.C. § 3142(f)(1)(A).").  His request for pre-sentence release is therefore governed by 18 U.S.C. § 3143(a)(2), which provides that the judicial officer shall order that a person who has been found guilty of a crime of violence and is awaiting imposition or execution of sentence be detained unless:

> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2).

Notwithstanding the mandatory detention provisions of § 3143, the court may still release a defendant pending sentencing pursuant to 18 U.S.C. § 3145(c).  Section 3145(c) provides that "[a] person subject to detention pursuant to section 3143(a)(2) ... and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, ... if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate."  18 U.S.C. 3145(c).  "The defendant must show by clear and convincing evidence he

is not likely to flee or pose a danger to the community and it also must be shown there are exceptional reasons why detention is not appropriate." United States v. Tobacco, 150 F. Supp. 3d 1051, 1053 (D.S.D. 2015).  "'Exceptional reasons' must include something that is 'clearly out of the ordinary, uncommon, or rare.'" Id.  (quoting United States v. Helder, No. 05–00125, 2006 WL 4080952 (W.D. Mo. Sept. 21, 2006); see also United States v. Larue, 478 F.3d 924, 925 (8th Cir. 2007); United States v. Smith, 34 F. Supp.3d 541, 553 (W.D. Pa. 2014).

      Defendant cannot satisfy the requirements of § 3143(a)(2)(A).  There is not a substantial likelihood that a motion by Defendant for a new trial or acquittal will be granted as Defendant has executed a plea agreement and voluntarily entered a guilty plea in open court to the charge in Count One of his Indictment.  The United States is recommending a sentence of imprisonment for Defendant.

      Defendant has not otherwise demonstrated that extraordinary circumstances exist to warrant his release.  The court appreciates Defendant's desire to get his affairs in order, pay his respects to his brother, and look for treatment.  However, his circumstances are not clearly out of the ordinary, uncommon, or rare and therefore are not exceptional within the meaning of 18 U.S.C. § 3145(c). See e.g., United States v. Brown, 368 F.3d 992, 993 (8th Cir. 2004) (opining that a defendant's participation in a treatment program is not an extraordinary reason for purposes of § 3145(c)); United States v. Thomason, 449 F. Supp. 3d 877, 882 (D. Minn. 2019) (opining that a defendant's desire to order his affairs is understandable but shared by many in his situation and therefore not an exceptional); United States v. Green, 250 F. Supp. 2d 1145, 1149 (E.D. Mo. 2003) ("[M]ere personal reasons . . . .are not 'exceptional.'").

      Accordingly, Defendant's Motion for Reconsideration of Order of Detention (Doc. No. 46)

3

is **DENIED**.

**IT IS SO ORDERED.**

Dated this 9th day of September, 2024.

<u>*/s/ Clare R. Hochhalter*</u>
Clare R. Hochhalter, Magistrate Judge
United States District Court