IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America,                )<br>                                                          )<br>       Plaintiff,                                 )<br>                                                          )<br>v.                                                      )<br>                                                          )<br>McKenzie Craig Forsberg,              )<br>                                                          )<br>       Defendant.                             ) | **ORDER DENYING MOTION FOR<br>TELEPHONIC STATUS CONFERENCE**<br><br>Case No.: 1:24-cr-00007 |

On July 25, 2024, Defendant executed a plea agreement, entering a guilty plea to Count One of his Indictment: attempted coercion and enticement of a minor in violation of 18 U.S.C. § 2422(b). (Doc. Nos. 39, 44). Defendant's sentencing hearing is currently scheduled for November 6, 2024. (Doc. No. 43).

On August 27, 2024, Defendant filed a motion for reconsideration of order of detention. (Doc. No. 46). Defendant requested release to the third-party custody of his mother so he could pay respect to his deceased brother, seek outpatient counseling, and get his affairs in order. On September 5, 2024, the United States file a response in opposition to Defendant's motion. (Doc. No. 48). The United States argued continued detention is mandated by statute. It also argued the release plan was similar to one previously rejected by the court, Defendant has extensive criminal history and a history of noncompliance with court orders, and the proposed residence lacked security, supervision and structure. The court denied Defendant's motion on September 9, 2024. (Doc. No. 49).

On October 15, 2024, Defendant filed a *Motion for Telephonic Status Conference*. (Doc. No. 52). Defendant requests to personally address the court concerning the court's order denying his request for release. (*See* Doc. No. 49) so he may explain his circumstances to the court.

The court is disinclined to grant Defendant's motion. While the court is empathetic to Defendant pertaining to the passing of his brother, wish to get his affairs in order and to seek outpatient counseling, the court is unwilling to reopen the issue of detention as detention is mandated by statute and no extraordinary circumstances warrant Defendant's release. Defendant's motion (Doc. No. 52) is therefore **DENIED**.

**IT IS SO ORDERED.**

Dated this 16th day of October, 2024.

> */s/ Clare R. Hochhalter*
> Clare R. Hochhalter, Magistrate Judge
> United States District Court